# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 05-2302

_____

United States of America,       *
                                *

           Appellee,         *
                                *   Appeal from the United States

       v.                     *   District Court for the
                                *   Southern District of Iowa.

Ronnie Lorenzo Workman,      *
                                *        [UNPUBLISHED]

           Appellant.       *

_____

Submitted: June 1, 2006
Filed: June 5, 2006

_____

Before MELLOY, FAGG, and BENTON, Circuit Judges.

_____

PER CURIAM.

Ronnie Workman appeals the sentence the district court[1] imposed upon his guilty plea to being a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). His counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). For reversal, counsel argues that the district court erred in enhancing Workman's sentence under U.S.S.G. § 2K2.1(b)(5), which provides in relevant part that a defendant's base offense level is increased by 4 levels if any firearm was used or possessed in connection with another felony offense.

_____

[1]The Honorable Robert W. Pratt, Chief Judge, United States District Court for the Southern District of Iowa.

We review de novo the district court's legal conclusion regarding application of the enhancement, and we review the factual findings for clear error. See United States v. Anderson, 339 F.3d 720, 724 (8th Cir.), cert. denied, 540 U.S. 1084 (2003). We conclude the enhancement was properly assessed.

First, the district court did not clearly err in finding that Workman possessed methamphetamine with intent to distribute it: the government's witness testified that Workman was found with a backpack containing drug paraphernalia, digital scales, baggies containing 5.4 grams of methamphetamine, a "bindle" (folded-up piece of paper), a box with Workman's street name on it, and the firearm. According to the witness, the nature of these items and the quantity of methamphetamine involved indicated that the methamphetamine was being held for distribution. See United States v. Hallam, 407 F.3d 942, 949 (8th Cir. 2005) (district court did not err in finding defendant possessed with intent to distribute methamphetamine for purposes of § 2K2.1(b)(5) enhancement where search of defendant's house uncovered firearms, drug paraphernalia associated with manufacture and distribution of methamphetamine, almost 4 grams of methamphetamine, and almost $800); United States v. Tensley, 334 F.3d 790, 795 (8th Cir. 2003) (some factors that may lead to conclusion that drugs were intended for distribution include quantity of drugs, packaging material, paraphernalia, and presence of guns).

Second, this conduct constituted a "felony offense" within the meaning of section 2K2.1(b)(5). See U.S.S.G. § 2K2.1, comment. (n.7) (felony offense as used in subsection (b)(5) is any federal, state, or local offense punishable by at least 1 year in prison, whether or not criminal charge was brought or conviction obtained); Iowa Code §§ 124.401(1)(b)(7) (possession with intent to distribute 5 grams to 5 kilograms of methamphetamine or methamphetamine-mixture is class "B" felony) (1997), 902.9(2) (class "B" felon shall be confined no more than 25 years) (1997).

Third, the district court did not clearly err in determining that it was not clearly improbable the firearm was used in connection with the distribution felony: the firearm was found in the same backpack as the methamphetamine and paraphernalia, and the government's witness testified that narcotics distributors often use firearms to protect their product and earnings. See Hallam, 407 F.3d at 949 (when other offense is drug-related, § 2K2.1(b)(5) enhancement is appropriate unless it is clearly improbable that firearm was used in connection with that offense; appellate court could not say it was clearly improbable that firearm found in house with methamphetamine and other drug paraphernalia had potential of facilitating drug crimes, as firearms are tools of drug trade providing protection and intimidation).

Finally, having reviewed the record independently under Penson v. Ohio, 488 U.S. 75, 80 (1988), we find no nonfrivolous issues. Accordingly, we grant counsel's motion to withdraw, and we affirm.

_____